1

2

3

4

5

6

7

8

9 **UNITED STATES DISTRICT COURT**

10 **SOUTHERN DISTRICT OF CALIFORNIA**

11

| | |
|---|---|
| 12 RAMON FRANCO; NORMA FRANCO; and<br>BREANNNA YVETTE BURQUEZ, a minor<br>13 by and through her Guardian Ad Litem SAUL<br>BURQUEZ,, | Civil No.:07cv0021-B(PCL) |
| 14 | ORDER GRANTING PLAINTIFFS'<br>MOTION TO REMAND TO STATE<br>COURT |
| Plaintiff, | |
| 15 v. | |
| 16 EMPIRE SOUTHWEST HOLDINGS,<br>INC.,EMPIRE SOUTHWEST, LLC;D.L.<br>17 PETERSON TRUST; KEVIN RAY<br>CANNON; AND DOES 1 to 50, Inclusive, | |
| 18 | |
| Defendants. | |
| 19 | |

20 _____

21

22          Plaintiffs Ramon Franco, Norma Franco and Breanna Yvette Burquez, a minor,

23 (collectively, "Plaintiffs") move the Court to remand this action to state court.  Defendants

Empire Southwest, LLC, Empire Southwest Holdings, Inc., and D.L. Peterson Trust oppose

24 the motion.

25 **I.     BACKGROUND**

26          On December 16, 2004, Kevin Cannon ("Cannon") was driving a pick-up truck on

27

28                                              1

his way to work at the Caterpillar dealership in Imperial County, California.  He had an epileptic seizure, passed out and his vehicle collided head-on with another vehicle driven by Ramon Franco.  Mr. Franco's 22-year old daughter, Yvette Franco, who was sitting in the front passenger seat, was killed in the accident.[1]

Plaintiffs filed a complaint in state court in Imperial County, California on November 17, 2006 for negligence, negligent infliction of emotional distress, wrongful death, survival and equitable recovery.  In the complaint, Plaintiffs alleged that they were all residents of California.  Plaintiffs also alleged on information and belief that Empire Southwest, LLC was a limited liability corporation existing under the laws of Arizona and/or California, Empire Southwest Holdings, Inc. was a citizen of Arizona, D. L. Peterson Trust was a citizen of Maryland, and Cannon was an individual residing in Imperial County, California. Plaintiffs first served the Complaint on Empire Southwest, LLC on December 4, 2006; Empire Southwest Holdings, Inc. was served on December 8, 2006; the last service was on D. L. Peterson Trust on December 12, 2006.  Defendant Cannon has not been served to date.

On January 3, 2007, two of the Defendants, Empire Southwest, LLC and Empire Southwest Holdings, Inc., filed a Notice of Removal to federal court ("Notice").  At the time of the removal, Plaintiffs had not yet served the complaint on Defendant Cannon. The other Defendant not to join the notice of removal was D.L. Peterson Trust.  An Amended Notice of Removal was filed on January 8, 2007, adding D.L. Peterson to the notice ("Am. Notice"); Cannon still had not yet been served as of that date.

The Notice and the subsequent Am. Notice allege that at the time of filing of the action Empire Southwest, LLC was incorporated in Delaware with its principal place of business in Arizona; Empire Southwest Holdings, Inc. was incorporated in and has its principal place of business in Arizona; D.L. Peterson Trust was incorporated in and has its

---

[1] Plaintiff Breanna Yvette Burquez is Yvette Franco's surviving daughter.

2

07cv0021

1   principal place of business in Delaware.  The Am. Notice also alleges that Cannon was a

2   resident of Arizona.  Thus, the Notice and Am. Notice contend that there is diversity

3   jurisdiction in federal court because there is complete diversity between Plaintiffs and

4   Defendants and the amount in controversy is more than $75,000.

5        On February 2, 2007, Plaintiffs filed the instant motion to remand.  The matter was

6   fully briefed and pursuant to Local Rule 7.1, the Court decides the motion herein without

7   oral argument.

8   **II.       DISCUSSION**

9        **A.       Standard of law**

10       On a motion to remand, the court must determine whether the case was properly

11  removed to the federal court under 28 U.S.C. § 1441.  Emrich v. Touche Ross and Co., 846

12  F.2d 1190, 1194-95 (9th Cir. 1988).  Section 1441(a) authorizes removal of "any civil

13  action brought in a State Court of which the district courts of the United States have

14  original jurisdiction."  The removal statute is strictly construed and there is a strong

15  presumption against removal.  Gaus v. Miles, Inc.  980 F.2d 564, 566 (9th Cir. 1992)

16  ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the

17  first instance.").  "The burden of establishing federal jurisdiction is upon on the party

18  seeking removal." Emrich, 846 F.2d at 1995 (citing Wilson v. Republic Iron & Steel Co.,

19  257 U.S. 92, 96 (1921)).

20       **B.       Analysis**

21       Plaintiffs assert both procedural and substantive defects bar the removal of this case.

22  Procedurally, Plaintiffs contend that the Notice did not join all of the Defendants in the

23  removal action and that the Am. Notice could not cure this defect.  Substantively, Plaintiffs

24  claim that Defendants have failed to meet their burden to demonstrate diversity jurisdiction

25  under 28 U.S.C. § 1332.

26       Considering first the procedural aspect, the Court finds that the removal was timely

27  and properly filed. All defendants must agree to the removal of the case to federal court,

28  

07cv0021

with the exception of nominal, unknown or fraudulently joined parties.  28 U.S.C. §

14476(a);  Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 680 (9th Cir. 2006);

Emrich v. Touche Ross & Co., 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).  The joinder of all

defendants in removal applies only to those defendants that have been properly served.

Emrich, 846 F.2d at1193 n.1.

        Here, at the time of removal, Defendant Cannon had not been served by Plaintiffs

and thus need not have joined the removal notice.  With respect to Defendant D.L. Peterson

Trust (hereinafter "Peterson"), this Defendant was served on December 12, 2006.  The Am.

Notice for removal was filed by  Empire Southwest, LLC, Empire Southwest Holdings,

Inc., and Peterson on January 8, 2007, less than 30 days after service of Peterson.

Procedurally, a notice of removal of a civil action must be filed within 30 days after the

defendant is served copy of the initial complaint. 28 U.S.C. § 1446(b). There is a split in

authority as to whether the 30 days is counted from the first-served or the last-served

defendant, and the Ninth Circuit has made no determination on this issue.  United

Computer Systems, Inc. v. AT & T Corp., 298 F.3d 756, 763 & n.4 (9th Cir. 2002).

Applying the last-served rule here, the Am. Notice was timely and properly filed.  The

application of the last-served rule here, which changes the date for removal by a mere

handful of days, should not confer any prejudice onto the Plaintiffs; no substantive actions

have yet occurred in this case and it does not appear even that Defendant Cannon has yet

been served.

        With regard to the substantive issues, the Court finds that questions regarding

Defendant Cannon's domicile persuade the Court that federal diversity jurisdiction may not

be warranted and that the case should be remanded to state court.  For diversity purposes,

"a  person is domiciled in a location where he or she has established a fixed habitation or

abode in a particular place, and intends to remain there permanently or indefinitely," as

determined at the time the time the lawsuit is filed.  Lew v. Moss, 797 F.2d 747, 749 -750

(9th Cir. 1986) (citations omitted).  Changing the location of one's residence or work does

4

not necessarily result in a change of domicile. "A change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely." Id. at 750.  Factors that may be considered to evidence an individual's domicile include "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family, membership in unions and other organizations, place of employment or business, driver's license and automobile registration, and payment of taxes."  Id.  "[S]tatements of intent are entitled to little weight when in conflict with facts." Id.

In the instant case, Defendants contend that for purposes of diversity Cannon's domicile is Arizona, whereas Plaintiffs argue that Cannon's domicile is California and thereby destroys diversity.  The burden to establish diversity jurisdiction here falls to the Defendants. Emrich, 846 F.2d at 1995.  Defendants have submitted only Cannon's declaration, summarily stating that Cannon currently resides in Arizona, intends to remain there indefinitely and only resided in California on a temporary basis from 2003-2005. Defendants have not proffered any further evidence of Cannon's Arizona domicile such as tax returns, location of personal and real property or current place of employment. Plaintiffs, however, point to the evidence obtained at the scene of the accident by the police demonstrating that Cannon had a California driver's license listing a California address and he was on his way to work located in Imperial County California.  Plaintiffs also point to property records evidencing Cannon's ownership of the real property at the California address listed on the license.

Where questions and doubt remain, federal jurisdiction should be rejected. Gaus, 980 F.2d at 566.  Here, Defendants have failed to meet their burden to demonstrate that diversity jurisdiction is present and Plaintiffs have pointed to documentation that interjects doubt as to whether Defendant Cannon's domicile is diverse from that of Plaintiffs. Therefore, the Court resolves this doubt against a finding of federal jurisdiction and Plaintiffs' motion to remand the case to state court is **GRANTED**.

07cv0021

1    **III.    CONCLUSION**

2          For the reasons herein, Plaintiffs' motion to remand the instant case to state court is

3    **GRANTED**.  Accordingly, the entirety of the case including all other pending motions are

4    remanded to state court.

5

6    **IT IS SO ORDERED**

7

8    DATED:  March 12, 2007

9
                                        *Rudi M. Brewster*
10                                      Hon. Rudi M. Brewster
                                        United States Senior District Court Judge
11

12
     cc:  Hon. Peter C. Lewis
13          United States Magistrate Judge

14
           All Counsel of Record
15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        6                                  07cv0021